UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIOVANNINI,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. EDCV 17-1073 JC<br><br>MEMORANDUM OPINION |

## I. SUMMARY

On May 30, 2017, plaintiff Larry Giovannini filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; June 1, 2017 Case Management Order ¶ 5.

///

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On June 5, 2013, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits alleging disability beginning on January 27, 2010, due to a lower back injury, nerve damage in the lower left leg, a learning disability, depression, and asthma. (Administrative Record ("AR") 17, 186, 190, 225). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on February 11, 2016. (AR 36-63).

On March 2, 2016, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 17-30). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: obesity, degenerative disc disease of the lumbar spine, and lumbar disc herniation, status post laminectomy (AR 19); (2) plaintiff's impairments, considered individually or in combination, did not meet or medically equal a listed impairment (AR 21); (3) plaintiff essentially retained the residual functional capacity to perform a limited range of light work (20 C.F.R. §§ 404.1567(b), 416.967(b))[1] (AR 21); (4) plaintiff was capable of performing past relevant work as a home attendant, receptionist, and service coordinator (AR 28); (5) alternatively, there are jobs that exist in significant numbers in the national economy that plaintiff could perform

---

[1] The ALJ determined that plaintiff could (i) occasionally lift and/or carry 20 pounds; (ii) frequently lift and/or carry 10 pounds; (iii) stand and/or walk for six hours in an eight-hour workday; (iv) sit for six hours in an eight-hour workday; (v) occasionally climb, balance, stoop, kneel, crouch, and crawl; and (vi) not do work involving concentrated exposure to extreme cold. (AR 21).

(AR 28-29); and (6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely credible (AR 26).

On April 7, 2017, the Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). To be considered disabled, a claimant must have an impairment of such severity that he is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the

///

burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

### B. Federal Court Review of Social Security Disability Decisions

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (citation and quotation marks omitted). It is "more than a mere scintilla, but less than a preponderance." Id. When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

///
///
///

## IV. DISCUSSION

### A. The ALJ's Residual Functional Capacity Assessment Is Supported by Substantial Evidence and Is Free of Material Error

Plaintiff essentially contends that a remand or reversal is warranted because the ALJ failed properly to consider the record medical evidence and thus the ALJ's residual functional capacity assessment is not supported by substantial evidence. (Plaintiff's Motion at 9-15). The Court disagrees.

#### 1. Pertinent Law

In Social Security cases, the amount of weight given to medical opinions generally varies depending on the type of medical professional who provided the opinions, namely "treating physicians," "examining physicians," and "nonexamining physicians" (*e.g.*, "State agency medical or psychological consultant[s]"). 20 C.F.R. §§ 404.1527(c)(1)-(2) & (e), 404.1502, 404.1513(a); 20 C.F.R. §§ 416.927(c)(1)-(2) & (e), 416.902, 416.913(a); Garrison, 759 F.3d at 1012 (citation and quotation marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017) (citation omitted). In turn, an examining, but nontreating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. Garrison, 759 F.3d at 1012 (citation omitted).

A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). An ALJ may reject the uncontroverted opinion of a treating physician by providing "clear and convincing reasons that are supported by substantial evidence" for doing so.

Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). Where a treating physician's opinion is contradicted by another doctor's opinion, an ALJ may reject such opinion "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted). In addition, an ALJ may reject the opinion of any physician, including a treating physician, to the extent the opinion is "brief, conclusory and inadequately supported by clinical findings." Bray v. Commissioner of Social Security Administration, 554 F.3d 1219, 1228 (9th Cir. 2009) (citation omitted).

### 2. Analysis

Although not entirely clear from Plaintiff's Motion, plaintiff appears to argue that a reversal or remand is warranted essentially because (1) the ALJ failed properly to consider relevant medical evidence which supports plaintiff's disability claim; and (2) the ALJ's residual functional capacity assessment for plaintiff "is not consistent with or supported by substantial medical evidence of record." (Plaintiff's Motion at 3). The Court disagrees with plaintiff and agrees with defendant's far more persuasive arguments on this issue.

First, substantial evidence supports the ALJ's residual functional capacity assessment for plaintiff. In the April 15, 2014 report of a Complete Orthopedic Consultation, which included an orthopedic examination of plaintiff, Dr. Vicente R. Bernabe, a state agency examining physician, essentially opined that plaintiff retained a residual functional capacity that was much *less* restrictive than that assessed by the ALJ for plaintiff ("Dr. Bernabe's Opinions"). (Compare AR 21 with AR 493). Dr. Bernabe's Opinions – which the ALJ expressly found "not inconsistent with the evidence" (AR 27) – were supported by the physician's independent examination of plaintiff (AR 490-92), and thus, without more, constituted substantial evidence supporting the ALJ's *more restrictive* residual functional capacity assessment for plaintiff. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (examining physician's opinion on its own

constituted substantial evidence, because it rested on physician's independent examination of claimant) (citations omitted).  The record reflects that the ALJ did not entirely "reject" Dr. Bernabe's Opinions, as plaintiff suggests (Plaintiff's Motion at 4), but simply gave the doctor's opinions "less weight" in order to afford plaintiff "all reasonable consideration."  (AR 27).

The ALJ gave "significant weight" to the opinions of Dr. Stephen A. Whaley, the state agency medical consultant whose residual functional capacity assessment for plaintiff the ALJ mostly adopted ("Dr. Whaley's Opinions").  (AR 21, 27, 72-75, 85-88).  Dr. Whaley's Opinions also constituted substantial evidence supporting the ALJ's decision since they were consistent with independent medical evidence in the record, specifically Dr. Bernabe's Opinions and underlying independent examination.  See Tonapetyan, 242 F.3d at 1149 (opinions of nontreating or nonexamining doctors may serve as substantial evidence when consistent with independent clinical findings) (citation omitted)

Plaintiff argues at some length that the ALJ could not properly rely on Dr. Whaley's Opinions because Dr. Whaley was "a pediatrician in Little Rock, Arkansas[.]"  (Plaintiff's Motion at 4-6).  Nonetheless, plaintiff cites no legal authority at all, much less any controlling cases that support such an argument. See generally Independent Towers of Washington v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) (appellate courts "review only issues which are argued specifically and distinctly in a party's opening brief.") (citations omitted); see, e.g., DeBerry v. Commissioner of Social Security Administration, 352 Fed. Appx. 173, 176 (9th Cir. 2009) (declining to consider argument where claimant did not argue the issue "with any specificity" in her opening brief and failed to cite "any evidence or legal authority" in support of her position) (citing Carmickle v. Commissioner of Social Security Administration, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008)); Brollier v. Astrue, 2013 WL 1820826, at *6 (N.D. Cal. Apr. 30, 2013) (court not required to consider "conclusory unsupported arguments") (citation

omitted); see also Moody v. Berryhill, 245 F. Supp. 3d 1028, 1032-33 (C.D. Ill. 2017) ("The Court 'cannot fill the void [in a claimant's analysis] by crafting arguments and performing the necessary legal research.'") (citing Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001)); Rogal v. Astrue, 2012 WL 7141260, *3 (W.D. Wash. Dec. 7, 2012) ("It is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work–framing the argument and putting flesh on its bones through a discussion of the applicable law and facts.") (citations omitted), report and recommendation adopted, 2013 WL 557172 (W.D. Wash. Feb. 12, 2013), aff'd, 590 Fed. Appx. 667 (9th Cir. 2014). Plaintiff also argues that the ALJ did not properly rely on Dr. Whaley's Opinions because such state agency reviewing physician had not treated or examined plaintiff, and had provided his opinions on October 7, 2013, and thus he was unable to review "the vast majority" of the record medical evidence. (Plaintiff's Motion at 5-6). Plaintiff again provides no legal authority for the argument that such medical opinions were entitled to less weight simply because they were provided on some earlier date. Cf. Flores v. Berryhill, 2018 WL 1224405, *6 (C.D. Cal. Mar. 8, 2018) (noting "more recent medical opinion may have more probative value as to a claimant's current abilities than an older opinion" only where claimant's condition is "progressively deteriorating") (citing Young v. Heckler, 803 F.2d 963, 968 (9th Cir. 1986); Stone v. Heckler, 761 F.2d 530, 532 (9th Cir. 1985)). In any event, as suggested by the above, Dr. Whaley's Opinions were consistent with the later – April 15, 2014 – much less restrictive opinions of Dr. Bernabe.

In addition, plaintiff's conclusory assertion that "much of the[] medical records were not discussed by the Administrative Law Judge in her brief summary of the records in her unfavorable decision[]" (Plaintiff's Motion at 8) does not warrant a remand. Even if the ALJ did not expressly discuss certain individual medical records, this does not mean the ALJ failed to consider such evidence. See

Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998) ("An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered[.]"). The ALJ was not required to discuss every piece of evidence in the record. See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (citations omitted). It was wholly appropriate for the ALJ to rely on the state agency reviewing physician as opposed to adopting plaintiff's currently asserted lay assessment of the evidence. Cf. Tagger v. Astrue, 536 F. Supp. 2d 1170, 1181 (C.D. Cal. 2008) ("ALJ's determination or finding must be supported by medical evidence, particularly the opinion of a treating or an examining physician.") (citations and internal quotation marks omitted); Banks v. Barnhart, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) ("ALJ cannot arbitrarily substitute his own judgment for competent medical opinion.") (citations and quotation marks omitted); Winters v. Barnhart, 2003 WL 22384784, at *6 (N.D. Cal. Oct. 15, 2003) ("The ALJ is not allowed to use his own medical judgment in lieu of that of a medical expert.") (citations omitted).

Finally, to the extent plaintiff suggests that the medical evidence actually supports a more restrictive residual functional capacity than that assessed by the ALJ (Plaintiff's Motion at 6-9), this Court will not second guess the ALJ's reasonable determination that it does not, even if such evidence could give rise to inferences more favorable to plaintiff. See Trevizo, 871 F.3d at 674-75 (citations omitted).

Accordingly, a reversal or remand is not warranted on this basis.

**B.     The ALJ Properly Evaluated Plaintiff's Subjective Symptoms**

Plaintiff contends that a remand or reversal is warranted because the ALJ failed properly to consider plaintiff's subjective symptoms. (Plaintiff's Motion at 9-15). The Court disagrees.

///

///

### 1. Pertinent Law

When determining disability, an ALJ is required to consider a claimant's impairment-related pain and other subjective symptoms at each step of the sequential evaluation process. 20 C.F.R. §§ 404.1529(a) & (d), 416.929(a) & (d). Accordingly, when a claimant presents "objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms [the claimant] alleged," the ALJ is required to determine the extent to which the claimant's statements regarding the intensity, persistence, and limiting effects of his or her symptoms ("subjective statements" or "subjective complaints") are consistent with the record evidence as a whole and, consequently, whether any of the individual's symptom-related functional limitations and restrictions are likely to reduce the claimant's capacity to perform work-related activities. 20 C.F.R. §§ 404.1529(a), (c)(4), 416.929(a), (c)(4); Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *4-*10; SSR 96-7p, 1996 WL 374186, at *1-*5.[2] When an individual's subjective statements are inconsistent

---

[2] Social Security Rulings reflect the Social Security Administration's ("SSA") official interpretation of pertinent statutes, regulations, and policies. 20 C.F.R. § 402.35(b)(1). Although they "do not carry the 'force of law,'" Social Security Rulings "are binding on all components of the . . . Administration[,]" and are entitled to deference if they are "consistent with the Social Security Act and regulations." 20 C.F.R. § 402.35(b)(1); Bray, 554 F.3d at 1224 (citations and quotation marks omitted); see also Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984) (discussing weight and function of Social Security rulings). Social Security Ruling 16-3p superseded SSR 96-7p and, in part, eliminated use of the term "credibility" from SSA "sub-regulatory policy[]" in order to "clarify that subjective symptom evaluation is not an examination of an individual's [overall character or truthfulness] . . . [and] more closely follow [SSA] regulatory language regarding symptom evaluation." See SSR 16-3p, 2017 WL 5180304, at *1-*2, *10-*11. The SSA recently republished SSR 16-3p making no change to the substantive policy interpretation regarding evaluation of a claimant's subjective complaints, but clarifying that the SSA would apply SSR 16-3p only "[when making] determinations and decisions on or after March 28, 2016[,]" and that federal courts should apply "the rules [regarding subjective symptom evaluation] that were in effect at the time" an ALJ's decision being reviewed became final. SSR 16-3p, 2017 WL 5180304, at *1, *13 n.27. It is unclear from such language whether SSR 16-3p
(continued...)

with other evidence in the record, an ALJ may give less weight to such statements and, in turn, find that the individual's symptoms are less likely to reduce the claimant's capacity to perform work-related activities. See SSR 16-3p, 2017 WL 5180304, at *8; SSR 96-7p, 1996 WL 374186, at *1-*3. In such cases, when there is no affirmative finding of malingering, an ALJ may "reject" or give less weight to the individual's subjective statements "only by providing specific, clear, and convincing reasons for doing so." Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015).[3] This requirement is very difficult to satisfy. See Trevizo, 871 F.3d at 678 ("The clear and convincing standard is the most demanding required in Social Security cases.") (citation and quotation marks omitted).

An ALJ's decision "must contain specific reasons" supported by substantial evidence in the record for giving less weight to a claimant's statements. SSR 16-3p, 2017 WL 5180304, at *10; SSR 96-7p, 1996 WL 374186, at *2, *4. An ALJ must clearly identify each statement being rejected and the particular evidence in the record which purportedly undermines the statement. Treichler, 775 F.3d at 1103 (citation omitted).

If an ALJ's evaluation of a claimant's statements is reasonable and is supported by substantial evidence, it is not the court's role to second-guess it. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

---

[2](...continued)
is retroactive where, like here, the ALJ issued the decision under review *before* SSR 16-3p became "applicable" on March 28, 2016, but the Appeals Council denied review (and thus the Commissioner's decision became "final") *after*. The issue of retroactivity, however, need not be resolved here since the ALJ's evaluation of plaintiff's subjective complaints passes muster whether SSR 16-3p or its predecessor, SSR 96-7p, governs.

[3]It appears to the Court, based upon its research of the origins of the requirement that there be "specific, clear and convincing" reasons to reject or give less weight to an individual's subjective statements absent an affirmative finding of malingering, that such standard of proof remains applicable irrespective of whether SSR 96-7p or SSR 16-3p governs. See Trevizo, 871 F.3d at 678-79 & n.5 (citations omitted).

## 2. Analysis

First, the ALJ properly gave less weight to plaintiff's subjective statements based on plaintiff's failure to seek a frequency of medical treatment that was consistent with the alleged severity of plaintiff's subjective symptoms. See Molina, 674 F.3d at 1113 (ALJ may properly consider "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" when evaluating claimant's subjective complaints) (citations and internal quotation marks omitted); SSR 16-3p, 2016 WL 1119029, at *7-*8 (ALJ may give less weight to subjective statements where "the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms. . . ."); SSR 96-7p, 1996 WL 374186, *7 (A "[claimant's] statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure."). Here, as the ALJ noted – and as the "review of the relevant medical evidence" in Plaintiff's Motion also reflects, despite plaintiff's complaints of disabling symptoms, there are "significant gaps" in treatment and "relatively infrequent trips to the doctor" over the course of plaintiff's history of medical care. (AR 22-26; Plaintiff's Motion at 6-8). As the ALJ also noted, there is evidence that plaintiff had not been "entirely compliant in taking prescribed medication." (AR 26) (citing Exhibit 16F at 9 [AR 704 - August 25, 2014 progress note reflecting "Medication Adherence: Ran out over a month ago"], Exhibit 16F at 16 [AR 711 - October 3, 2014 Psychiatric Assessment note that "[plaintiff] has had some lapses in medication and follow up"], Exhibit 16F at 31 [AR 726 - July 8, 2015 progress note reflecting "Medication Adherence: out of meds for three weeks"]). While an ALJ may not reject symptom testimony where a claimant provides "evidence of a good reason for not taking medication for [his

or] her symptoms," Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (citations omitted), plaintiff has failed to present any such a reason here.

Second, the ALJ properly gave less weight to plaintiff's subjective complaints to the extent effective medical treatment alleviated plaintiff's symptoms. See Warre v. Commissioner of Social Security Administration, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling. . . .") (citations omitted); see, e.g., Bailey v. Colvin, 659 Fed. Appx. 413, 415 (9th Cir. 2016) (evidence that "impairments had been alleviated by effective medical treatment," to the extent inconsistent with "alleged total disability[,]" specific, clear, and convincing reason for discounting subjective complaints) (citing id.). For example, as the ALJ noted, there is some evidence that plaintiff's medications "[had] been relatively effective in controlling the [plaintiff's] symptoms." (AR 26) (citing, in part, Exhibit 18F at 36 [AR 803 - September 23, 2015 treatment note that plaintiff was "doing well with just medication management"]; Exhibit 16F at 16 [AR 711 - October 3, 2014 Psychiatric Assessment note that plaintiff had "generally been maintained with some stability" with medication).

Third, the ALJ properly gave less weight to plaintiff's subjective complaints to the extent plaintiff engaged in daily activities which require a greater level of functioning than plaintiff alleges he can actually do. See Burrell v. Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014) (inconsistencies between claimant's testimony and claimant's reported activities valid reason for giving less weight to claimant's subjective complaints) (citation omitted); SSR 16-3p, 2016 WL 1119029, at *7 (ALJ may determine that claimant's symptoms "are less likely to reduce his or her capacities to perform work-related activities" where claimant's subjective complaints are inconsistent with evidence of claimant's daily activities) (citing 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)). For example, as the ALJ noted, there is evidence that plaintiff was able to take care of his own personal care,

13

prepare his own meals, do some cleaning and laundry, pay bills, watch television and play games on his phone, walk, drive, shop, spend time with others, visit the homes of friends/family (*e.g.*, swim at a friend's house), and go to the park. (AR 26) (citing, in part, Exhibits 9E [AR 265-72], 3F at 3 [AR 447]). Plaintiff also told one doctor that he had gone to Las Vegas with friends. (AR 26) (citing Exhibit 17F at 32 [AR 763]). The ALJ noted that there is also evidence that plaintiff engaged in some work activity after the alleged onset date. (AR 26).

As plaintiff correctly suggests (Plaintiff's Motion at 12), a claimant "does not need to be 'utterly incapacitated' in order to be disabled." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (citation omitted). Nonetheless, this does not mean that an ALJ must find that a claimant's daily activities demonstrate an ability to engage in full-time work (*i.e.*, eight hours a day, five days a week) in order to discount conflicting subjective symptom testimony. To the contrary, even where a claimant's activities suggest some difficulty in functioning, an ALJ may give less weight to subjective complaints to the extent a claimant's apparent actual level of activity is inconsistent with the extent of functional limitation the claimant has alleged. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (ALJ may consider daily activities to extent plaintiff's "level of activity [is] inconsistent with [the] . . . claimed limitations"); cf. Molina, 674 F.3d at 1113 ("Even where [claimant's] activities suggest some difficulty functioning, they may be grounds for [giving less weight to] the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.") (citations omitted). Here, even though plaintiff stated that he had some difficulty functioning, substantial evidence supports the ALJ's conclusion that plaintiff's ability to engage in the daily activities noted above "diminishe[d] the credibility of the [plaintiff's] allegations of functional limitations." (AR 26). Cf., e.g., Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries . . .

may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989)). While plaintiff suggests that the level of his daily activities was not inconsistent with his subjective complaints (Plaintiff's Motion at 13-14), this Court will not second guess the ALJ's reasonable determination to the contrary, even if the evidence could give rise to inferences more favorable to plaintiff. Trevizo, 871 F.3d at 674-75 (citations omitted).

Finally, the ALJ properly gave less weight to plaintiff's subjective complaints due, in part, to the absence of supporting objective medical evidence. See Burch, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider . . . ."); SSR 16-3p, 2016 WL 1119029, at *5 ("[ALJ may] not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual."); SSR 96-7p, 1996 WL 374186, at *6 (same).

Accordingly, a reversal or remand is not warranted on this basis.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 28, 2018

                                /s/
                    Honorable Jacqueline Chooljian
                    UNITED STATES MAGISTRATE JUDGE